UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-25 RGK (MRW) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Davis v. Clark | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica Piper | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| None present | | None present |

**Proceedings:**     ORDER TO SHOW CAUSE

    1.    This is a habeas action involving a state prisoner. The Court deferred consideration of Petitioner's habeas claims during the pendency of his recently concluded action in the state supreme court. Following the supreme court's denial of relief, the Court ordered the Attorney General to respond to the original petition (save for the claim(s) that Petitioner voluntarily dismissed). (Docket # 15, 16.)

    2.    While the Court was waiting for that response, it received what it understands to be a proposed amended habeas petition from Petitioner. (Docket # 19.) The pleading alleges two habeas claims. Ground One alleges an illegal search of a cell phone (apparently in violation of the Fourth Amendment), and Ground Two alleges ineffective assistance by Petitioner's trial lawyer in failing to suppress certain evidence. (Docket # 19 at 5-6.) The petition appears to acknowledge that Petitioner failed to exhaust Ground Two.

    3.    Petitioner's filing presents several sizeable problems. As an initial matter, it is almost certain that Petitioner cannot lawfully pursue his Fourth Amendment claim in Ground One. When "the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief" for claims regarding an allegedly illegal search or arrest. Stone v. Powell, 428 U.S. 465, 494 (1976). In criminal cases in California, "a defendant can move to suppress evidence" before trial "on the basis that it was obtained in violation of the Fourth Amendment"; that typically provides the "opportunity" to litigate the issue in satisfaction of Stone. Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990). In the absence of a plausible allegation that Petitioner was denied an opportunity to pursue suppression of this evidence in the trial court, he likely cannot advance this claim in federal court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-25 RGK (MRW) | Date | July 10, 2020 |
|---|---|---|---|
| Title | Davis v. Clark | | |

4.   Proposed Ground Two presents a different legal problem: Petitioner admits that he failed to exhaust this claim in state court. Under AEDPA (the federal law that governs habeas petitions filed by state inmates), a prisoner must exhaust all claims in the state's highest court as a prerequisite to a federal court's consideration of a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); Kyzar v. Ryan, 780 F.3d 940, 946 (9th Cir. 2015); Rose v. Lundy, 455 U.S. 509 (1982). Additionally, that exhaustion must occur in a timely manner. Otherwise, federal review may be prohibited. 28 U.S.C. § 2244. (Petitioner knows this; he just engaged in state court litigation to present and exhaust another claim in his case. (Docket # 11, 12.))

5.   Finally, by failing to properly move to amend his original petition (as required under Federal Rule of Civil Procedure 15), Petitioner has not made clear whether he is abandoning the claims from that petition – which are not contained in the current petition – or seeks to add these new ones to his federal case. That ambiguity may be fatal to his claims, and is unduly confusing to the Court and the Attorney General.

6.   Therefore, Petitioner is ORDERED to show cause why the proposed amended petition should not be dismissed without further consideration. Petitioner may address the issues raised above – the lack of jurisdiction over Petitioner's Fourth Amendment claim, the lack of exhaustion and likely untimeliness of his ineffective assistance claim, and a clear statement of the claims he actually intends to pursue in federal court – by a concise (not to exceed five pages) filing with the Court. Petitioner's response to this Order will be due by July 31.

7.   The Attorney General is relieved of its obligation to respond to any of the pleadings in this case until further order of this Court.